UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | **CIVIL NO. 4:07-CV-2225** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| DR. SYMONS, | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.


     The plaintiff, a prisoner proceeding *pro se*, commenced

this 42 U.S.C. § 1983 action by filing a complaint on December

7, 2007.  The defendant is John Symons, M.D.


     The plaintiff alleges that the defendant has repeatedly

ignored his complaints concerning burning feelings in his

chest, stomach, liver, kidney area and back.  He alleges that

his symptoms are getting worse and occur more frequently.  The

plaintiff alleges that by ignoring his complaints the

defendant has disregarded a substantial risk of further injury

to the plaintiff.  He alleges that he has sustained further injury as a result of the defendant's treatment.  The plaintiff alleges that the defendant has been and is being deliberately indifferent to his medical needs.

The plaintiff is seeking compensatory and punitive damages as well as injunctive relief in the form of medical care from a doctor outside of the prison system.

On March 6, 2008, the defendant filed a motion to dismiss the complaint and a brief in support of that motion. On July 30, 2008, the plaintiff filed a brief in opposition to the motion to dismiss.  The defendant has not filed a reply brief.

II.  Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to

prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d
884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6)
motion to dismiss for failure to state a claim upon which
relief can be granted, the burden is on the moving party to
show that there is no actionable claim. *Johnsrud v. Carter*,
620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to
dismiss, the court must accept all material allegations of the
complaint as true and draw all inferences in the light most
favorable to the plaintiff. *Pennsylvania House, Inc. v.
Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However,
"conclusory allegations of law, unsupported conclusions and
unwarranted inferences need not be accepted as true." *Id*. at
449-50.  *Pro se* civil rights complaints are to be construed
liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

    "Federal Rule of Civil Procedure 8(a)(2) requires only
'a short and plain statement of the claim showing that the
pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct.
2197, 2200 (2007).  Detailed factual allegations are not
required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964
(2007).  However, more is required than labels, conclusions

3

and a formulaic recitation of the elements of a cause of action. *Id.* at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra.,* 127 S.Ct. at 2200.  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

III.  Discussion.

     The defendant contends that the complaint fails to state an Eighth Amendment claim upon which relief can be granted.

     In order for the plaintiff to state a viable Eighth Amendment medical claim he must allege that the defendant acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97 (1976).

4

The defendant argues that the plaintiff has not alleged that the defendant refused him treatment.  However, by alleging that the defendant has repeatedly ignored his complaints concerning burning feelings in his chest, stomach, liver, kidney area and back the plaintiff has alleged that the defendant refused him treatment.

The defendant argues that the documents attached to the complaint establish that the plaintiff was provided regular medical care and that the plaintiff admits that he received treatment.  The plaintiff attached to his complaint a grievance and appeals that he filed regarding alleged denial of medical care and the responses to the grievance and appeals.  Although the responses to the grievance and appeals indicate that the plaintiff received regular medical care, the plaintiff clearly disagrees with those responses and in some of his appeals asserts that when he was seen only his blood pressure was checked.  We can not say as a matter of law that the documents attached to the complaint establish that the plaintiff received regular medical care or that the plaintiff

5

admitted that he received treatment for the conditions about which he is complaining.

The defendant argues that the plaintiff disagrees with the treatment he received and that the crux of the plaintiff's claim is that he was denied the treatment of his choice.

Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White v. Napoleon,* 897 F.2d 103, 110 (3d Cir. 1990)(mere disagreement over proper treatment does not state a claim upon which relief can be granted).

Accepting the plaintiff's allegations as true, as we must when deciding a motion to dismiss, we conclude that the

6

plaintiff has alleged more than mere disagreement with the treatment he received and that the plaintiff has alleged that by ignoring his complaints the defendant has disregarded a substantial risk of further injury to the plaintiff.  The plaintiff has stated an Eighth Amendment claim upon which relief can be granted against the defendant.

The defendant argues that the plaintiff's request for punitive damages should be dismissed.

Punitive damages may be awarded in a 42 U.S.C. § 1983 action when the defendant's conduct is shown to have been motivated by evil motive or intent, or when it involves reckless of callous indifference to the federally protected rights of others. *See Smith v. Wade*, 461 U.S. 30, 56 (1982).

Given the plaintiff's allegation that the defendant has been and is being deliberately indifferent to his medical needs, we can not say as a matter of law that the plaintiff will not be able to establish that he is entitled to punitive damages.

7

The defendant argues that the plaintiff's claims for damages are barred by 42 U.S.C. § 1997e(e).

42 U.S.C. § 1997e(e) provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The plaintiff alleges that the defendant has repeatedly ignored his complaints concerning burning feelings in his chest, stomach, liver, kidney area and back, that his symptoms are getting worse and occur more frequently and that he has sustained further injury as a result of the defendant's treatment.  The plaintiff has alleged physical injury. Accordingly, his damages claims are not barred by 42 U.S.C. § 1997e(e).[1]

_____

1. Moreover, it is not clear that the plaintiff is seeking damages for mental or emotional injury. *See doc. 42 at 1.* In any event, 42 U.S.C. § 1997e(e) would not bar plaintiff's claim for injunctive relief or claims for nominal or punitive damages. *Mitchell v. Horn,* 318 F.3d 523, 533-534 (3d Cir. 2003).

The defendant argues that, to the extent that the plaintiff is maintaining any state law claims of negligence or malpractice, those claims should be dismissed because the plaintiff has not filed a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3(a).  We do not construe the complaint as pleading a negligence or malpractice claim.  Rather, the complaint pleads only a 42 U.S.C. § 1983 claim.

IV. Recommendations.

Based on the foregoing, it is recommended that the defendant's motion (doc. 15) to dismiss the complaint be denied and that the case be remanded to the undersigned for further proceedings.

                                        /s/ J. Andrew Smyser
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  September 18, 2008.

9