UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN POWELL, | : | **CIVIL NO. 4:07-CV-02225** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| DR. SYMONS, | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on December 7, 2007. The defendant is John Symons, M.D.

The plaintiff alleges that the defendant has repeatedly ignored his complaints concerning burning feelings in his chest, stomach, liver, kidney area and back. He alleges that his symptoms are getting worse and occur more frequently. The plaintiff alleges that by ignoring his complaints the defendant has disregarded a substantial risk of further injury to the plaintiff. He alleges that he has sustained further

injury as a result of the defendant's treatment. The plaintiff alleges that the defendant has been and is being deliberately indifferent to his medical needs.

The plaintiff is seeking compensatory and punitive damages as well as injunctive relief in the form of medical care from a doctor outside of the prison system.

On September 26, 2008, the defendant filed an answer to the complaint.

On December 15, 2008, the defendant filed a motion for summary judgment, a statement of undisputed material facts, a brief and documents in support of that motion.

The plaintiff was granted numerous extensions of time to respond to the defendant's motion for summary judgment. By an Order dated December 7, 2009, the plaintiff was granted a final extension of time until February 26, 2010 to file a brief in opposition to the motion for summary judgment, a response to the defendant's statement of material facts and

2

any summary judgment evidence in opposition to the motion. The Order of December 7th provided that no further extensions of time will be granted. The plaintiff nevertheless filed another motion for an extension of time on February 22, 2010. By an Order dated February 24, 2010, that motion was denied.

Despite being given more than a year to do so, the plaintiff has not filed a brief in opposition to the defendant's summary judgment motion.[1] Pursuant to Local Rule 7.6, the plaintiff is deemed not to oppose the motion. Even though the plaintiff is deemed not to oppose the motion, we must determine whether the defendant is entitled to judgment as a matter of law. *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)(even where motion for summary judgment is unopposed court must

---

1. Even though the plaintiff has not filed a brief in opposition to the motion for summary judgment, the plaintiff has filed numerous letters with the court and he has recently filed another motion for the appointment of counsel. Thus, the plaintiff has indicated that he does not intend to abandon this lawsuit. We have addressed the plaintiff's most-recent motion for the appointment of counsel by a separate order.

3

determine if moving party is entitled to judgment as a matter of law).

II.  Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving

4

party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be

5

granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential

6

to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III. Discussion.

The plaintiff's claim is an Eighth Amendment medical claim.

In order for the plaintiff to establish an Eighth Amendment violation he must establish that the defendant acted, or failed to act, with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the

7

other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment

8

based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id*. (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently

9

held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

The defendant contends that he is entitled to summary judgment because there is no evidence that he was deliberately indifferent to the plaintiff's medical needs. The defendant also contends that he is entitled to summary judgment because the plaintiff has not presented any expert testimony that any actions or inaction on his part caused the plaintiff any injury. Finally, the defendant contends that the plaintiff's demand for punitive damages should be dismissed because the plaintiff has not established that he acted with a bad motive or intent or that he exhibited extreme or outrageous conduct.

The defendant has presented evidence that the plaintiff received extensive medical care and treatment including examinations, medications, lab tests, chest x-rays and an

10

electrocardiogram.  The plaintiff has not presented any evidence that the defendant was deliberately indifferent to his medical needs or any evidence that the defendant's actions or inactions caused him harm.  Accordingly, the defendant is entitled to summary judgment.

IV. Recommendations.

Based on the foregoing, it is recommended that the defendant's motion (doc. 64) for summary judgment be granted, that summary judgment be entered in favor of the defendant and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  March 22, 2010.