IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KEVIN POWELL, | : | |
| Plaintiff | : | No. 4:07-cv-02225 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DR. JOHN SYMONS, | : | (Magistrate Judge Schwab) |
| Defendant | : | |

## MEMORANDUM

Before the Court is Defendant's motion for summary judgment (Doc. No. 189), Magistrate Judge Schwab's Report and Recommendation (Doc. No. 228), and Plaintiff's objections thereto (Doc. No. 231). For the reasons that follow, the Court will decline to adopt Magistrate Judge Schwab's Report and Recommendation, and will deny Defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiff Kevin Powell began his term of incarceration at the State Correctional Institution at Rockview (SCI-Rockview) in 2000. (Doc. No. 191 ¶ 1, Doc. No. 218 ¶ 1.) Plaintiff's mental disabilities include borderline intelligence, with his I.Q. testing at 70. (Doc. No. 218 ¶ 13.) Defendant Dr. John Symons, a physician on staff at SCI-Rockview, treated Plaintiff between June 8, 2006 and August 25, 2008 for his chronic medical ailments, including hypertension, Hepatitis C, and gastroesophageal reflux disease. (Doc. No. 191 ¶ 4.) During Plaintiff's treatment, Defendant regularly met with Plaintiff, recorded his symptoms, and took blood pressure readings. (Id. ¶¶ 14-21.) Defendant consistently noted that Plaintiff failed to take his medications as ordered. (Id. ¶¶ 26, 31, 36; Doc. No. 218 ¶ 23.) Plaintiff alleges that during this time, Defendant recorded dangerously high blood pressure readings for Plaintiff, including

1

levels "commonly associated" with end-organ damage.  (Doc. No. 218 ¶ 3.)  Plaintiff alleges that he also exhibited symptoms of mental illness "besides his non-compliance" with Defendant's medical instructions, including his belief that he had been injected with the wrong medicine or with pathogens by prison medical personnel.  (Id. ¶ 12.)  Defendant did not treat Plaintiff for mental illness or traumatic brain injury, nor did Defendant refer Plaintiff to a specialist for assessment or treatment of those conditions.  (Id. ¶ 24.)

On October 10, 2007, Plaintiff filed a grievance with SCI-Rockview in which he complained that Defendant had failed to address the "burning feelings in my chest, stomach, liver, kidney areas and my back for some time."  (Doc. No. 199 at 4.)  Plaintiff complained that "all they [Defendant] have done is check my blood pressure and provide me with blood pressure medication."  (Id.)  SCI-Rockview denied that Plaintiff had been refused healthcare, listing the dates and outcomes of Plaintiff's visits with Defendant in their reply to his grievance.  (Id. at 3.) Plaintiff then filed an appeal, reiterating that "I was not seen about chest pains.  All they do is check my high blood pressure."  (Id. at 2.)  Plaintiff's appeal was again denied.  (Id. at 1.)

On December 7, 2007, Plaintiff filed the above-captioned civil rights action, alleging that Defendant's medical treatment of Plaintiff violated the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishment.  (Doc. No. 1.)  On March 6, 2008, Defendant moved the Court to dismiss Plaintiff's complaint on the grounds that it failed to state an Eighth Amendment claim as a matter of law.  (Doc. No. 15.)  On October 27, 2008, the Court adopted Magistrate Judge Smyser's Report and Recommendation, and denied Defendant's motion to dismiss.  (Doc. No. 57.)  Defendant then moved the Court to grant summary judgment in his favor on Plaintiff's complaint.  (Doc. No. 64.)  Although the Court granted Plaintiff

several extensions of time, he failed to file a brief in opposition to Defendant's motion for summary judgment, and therefore it was deemed unopposed pursuant to M.D.Pa. Local Rule 7.4. Thus, on March 12, 2010, the Honorable James F. McClure entered an order adopting Magistrate Judge Smyser's Report and Recommendation, granted Defendant's motion for summary judgment, and closed the case. (Doc. No. 149.)

On April 19, 2010, Plaintiff filed a notice of appeal with the United States Court of Appeals for the Third Circuit. (Doc. No. 150.) On January 12, 2012, the case was reassigned to the undersigned. The Third Circuit subsequently reversed Judge McClure's order granting summary judgment, remanded the above-captioned action, and instructed the Court to appoint a representative or counsel for Plaintiff to proceed in this case, given Plaintiff's limited mental capacity. (Doc. No. 160-1 at 12, Doc. No. 160.) On December 5, 2012, Defendant refiled his motion for summary judgment on Plaintiff's complaint. (Doc. No. 189.) On January 25, 2013, Attorney Marianne Sawicki agreed to serve as pro bono counsel for Plaintiff. (Doc. No. 208.) Following the completion of briefing on Defendant's motion for summary judgment, Magistrate Judge Schwab issued a Report and Recommendation on August 28, 2013, recommending that Defendant's motion be granted in full. (Doc. No. 228.) Plaintiff filed objections on September 25, 2013. (Doc. No. 231.) The matter is now ripe for disposition.[1]

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## II.     STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Am. Eagle Outfitters v. Lyvle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III.    DISCUSSION

Plaintiff objects that the Report and Recommendation takes the majority of Defendant's statement of material facts as true, even though Plaintiff contests some of Defendant's material facts. Plaintiff also objects that Magistrate Judge Schwab failed to view the record in the light most favorable to Plaintiff. The Court will review each objection in turn.[2]

### A. Statement of material facts

The Court begins with Plaintiff's objection that the Report and Recommendation ignored a large portion of Plaintiff's Counter Statement of Material Facts. (Doc. No. 231 at 3.) The Report and Recommendation contains two factual portions; the first relies exclusively on Defendant's Statement of Material Facts and is presented as the "Undisputed Facts" portion, and the second portion presents Plaintiff's Counter Statement of Material Facts as "Powell's Disputed Facts." (Doc. No. 228.) Plaintiff objects that this presentation makes it appear that the Report and Recommendation accepts Defendant's facts as undisputed, even though Plaintiff filed a counter statement of material facts. (Doc. No. 231 at 3.)

Reviewing both parties' statements of facts and the Report and Recommendation reveals that the Report failed to acknowledge that certain facts put forth by Defendant were disputed by Plaintiff, including facts germane to Plaintiff's deliberate indifference claim. (See, e.g., Doc. No. 228 at 6, Doc. No. 218 at 5.) By appearing to rely exclusively on Defendant's Statement of Material Facts (Doc. No. 191) as the "Undisputed Facts" in the Report, and presenting Plaintiff's Counter Statement of Material Facts as Powell's "Disputed Facts," the Report discounts Plaintiff's submitted material facts in form, if not substance. That said, Plaintiff's Counter

---

[2] Because the Court will decline to adopt the Report and Recommendation on the grounds that Plaintiff's submissions create a genuine dispute of material fact, the Court will not evaluate Plaintiff's objection concerning the reference to hearsay in the Report and Recommendation.

5

Statement of Material Facts does not comply with the Middle District of Pennsylvania Local Rule 56.1, which requires that each material fact be deemed "Admitted," or, "Denied," with citation of the record in support.³ Accordingly, the Court cannot fault Magistrate Judge Schwab's choice to proceed by presenting Plaintiff's Counter Statement of Facts as "Disputed Facts." The Court further finds that the Report relies on Plaintiff's Counter Statement of Material Facts when evaluating Defendant's motion for summary judgment, thus obviating any error of form. (Doc. No. 228 at 8). See Ullrich v. U.S. Sec'y of Veterans Affairs, 457 F. App'x 132, 137 (3d Cir. 2012) ("Although the District Court deemed the VA's facts admitted, it is apparent that the Court based its decision on all the evidence before it."). Thus, the Court will overrule Plaintiff's objection that the Court should decline to adopt the Report on the grounds that Plaintiff's Counter Statement of Material Facts was presented as "Powell's Disputed Facts" in the Report and Recommendation.

### B. Failure to consider record in light most favorable to Plaintiff

The Court proceeds to address Plaintiff's objection that Magistrate Judge Schwab failed to consider the record in the light most favorable to Plaintiff, and as a result, concluded that Defendant was entitled to summary judgment in his favor. (Doc. No. 231 at 4.) In the Report, Magistrate Judge Schwab determined that the record failed to support a "reasonable inference that Defendant knew of, and recklessly disregarded, a significant risk to Powell's health." (Doc.

---

³ Middle District of Pennsylvania Local Rule 56.1 requires that a motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56(a) be accompanied by a "separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." The party opposing a motion for summary judgment shall include its own statement of facts, responding to the numbered paragraphs set forth in the statement as to which it contends that there exists a genuine issue to be tried. Local Rule 56.1.

No. 228 at 20.) To support this conclusion, Magistrate Judge Schwab cited the fact that Defendant met with Plaintiff on several occasions, monitored his blood pressure, prescribed him medications, and ordered several rounds of tests. (Id.) Given that "dissatisfaction" with medical care cannot establish deliberate indifference, the Report concluded that Plaintiff's complaint "sounds in a state law claim for medical malpractice, not a claim under the Eighth Amendment," and thus the Court should grant summary judgment in Defendant's favor. (Id. at 21.)

A prison official's deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment and states a cause of action under Section 1983. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, a plaintiff is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts and omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).[4] This is a subjective test. A prison official cannot be found liable under the Eighth Amendment unless the official is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that

---

[4] The "deliberate indifference" standard of Estelle v. Gamble applies with equal force when evaluating the constitutional adequacy of psychological or psychiatric care provided at a jail or prison. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 763 (3d Cir. 1979).

resulted in suffering or risk of injury, or persistent conduct in the fact of resultant pain and risk of permanent injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993) (citation and internal quotations omitted). The Estelle test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). That said, the Third Circuit has recognized that when prison authorities deny reasonable requests for medical treatment, and such denial exposes the inmate to "undue suffering or the threat of tangible residual injury," deliberate indifference is manifest. Monmouth Cnty. Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Having reviewed the applicable law, the Court declines to adopt Magistrate Judge Schwab's recommendation because Plaintiff's submissions do create a genuine dispute of material fact on Defendant's deliberate indifference. Although a finder of fact may ultimately conclude that Plaintiff only establishes dissatisfaction with his medical treatment and not a constitutional deprivation, Plaintiff's record evidence would warrant a verdict in his favor should the jury credit it. At this point, Plaintiff need only submit evidence sufficient to create a genuine dispute of material fact in order to survive Defendant's motion for summary judgment. Fed. R. Civ. Pro. 56(a); NAACP v. N. Hudson Reg'l Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2012). The Court finds that Plaintiff's submissions clear that hurdle.

Evidence in the record demonstrates that Defendant was aware that Plaintiff's mental capacity was limited and that Plaintiff consistently failed to take his medications. Given the severity of Plaintiff's medical conditions, the Court finds that a reasonable factfinder could conclude that Defendant's failure to address Plaintiff's limited mental capacity as part of his

treatment of Plaintiff – knowing that Plaintiff's medical ailments were serious and that Plaintiff was non-compliant with his medications – constitutes deliberate indifference. Although Magistrate Judge Schwab characterizes this line of argument as one that second-guesses Defendant's professional judgment and thus fails to establish an Eighth Amendment claim (Doc. No. 228 at 21), the Court finds that the record evidence demonstrates otherwise. In so finding, the Court relies on an expert report submitted by Plaintiff that was authored by Richard P. Paczynski, M.D. (Doc. No. 218-1.) In the report, Dr. Paczynski opines:

> With reasonable medical certainty I can state that the patient was harmed by the failure to secure a reasonable psychological and psychiatric evaluation much earlier in his course within the SCI system, and in turn that inadequate and delayed response to his refractory hypertension resulted in harm to his cardiovascular system.

(Id. at 18.) Put differently, Dr. Paczynski determined that Defendant's failure to address Plaintiff's psychiatric issues prevented effective treatment of Plaintiff's severely-elevated hypertension. Taking all inferences in Plaintiff's favor, the Court concludes that Plaintiff's evidence creates a jury question as to whether Defendant's conduct constituted deliberate indifference. Accordingly, the Court finds that Defendant is not entitled to summary judgment on Plaintiff's Eighth Amendment claim and will decline to adopt Magistrate Judge Schwab's Report and Recommendation. An order consistent with this memorandum follows.