IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN POWELL,   :  |  |
|     Plaintiff   : |  |
| : | No. 4:07-cv-02225 |
| v.   : |  |
| : | (Judge Kane) |
| DR. JOHN SYMONS,   : |  |
|     Defendant   : |  |

## MEMORANDUM

Before the Court is Defendant Dr. John Symons' motion for reconsideration of the Court's order denying his motion for summary judgment. (Doc. No. 239.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will deny his motion.

**I.   BACKGROUND**

On December 7, 2007, Plaintiff Kevin Powell filed the above-captioned civil rights action, alleging that Defendant's medical treatment of Plaintiff violated the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishment. (Doc. No. 1.) After denying Defendant's motion to dismiss Plaintiff's complaint, the Honorable James F. McClure granted Defendant's motion for summary judgment, and closed the case. (Doc. No. 149.) The case was then reassigned to the undersigned. On April 23, 2012, the United States Court of Appeals for the Third Circuit reversed Judge McClure's order granting summary judgment, remanded the above-captioned action to this Court, and instructed the Court to appoint a representative or counsel for Plaintiff to proceed in this case, given Plaintiff's limited mental capacity. (Doc. No. 160-1 at 12, Doc. No. 160.)

On December 5, 2012, Defendant refiled his motion for summary judgment on Plaintiff's

1

complaint. (Doc. No. 189.) On January 25, 2013, Attorney Marianne Sawicki agreed to serve as pro bono counsel for Plaintiff. (Doc. No. 208.) Following the completion of briefing on Defendant's motion for summary judgment, Magistrate Judge Schwab issued a Report and Recommendation on August 28, 2013, recommending that Defendant's motion be granted in full. (Doc. No. 228.) Plaintiff filed objections on September 25, 2013. (Doc. No. 231.) The Court declined to adopt Magistrate Judge Scwhab's Report and Recommendation on the grounds that a reasonable jury could find that Defendant's failure to address Plaintiff's psychiatric issues prevented effective treatment of Plaintiff's severely-elevated hypertension. (Doc. Nos. 236, 237.) The Court therefore denied Defendant's motion for summary judgment on the grounds that Plaintiff's evidence created a jury question as to whether Defendant's conduct constituted deliberate indifference. (Id.) On November 15, 2013, Defendant moved the Court to reconsider its order denying his motion for summary judgment. (Doc. No. 239.) The motion has been fully briefed and is ripe for disposition.

**II.     LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Pursuant to Middle District of Pennsylvania Local Rule 7.10, a party may seek reconsideration of an order within fourteen days of its issue. Local Rule 7.10 excludes from its fourteen-day deadline motions to alter or amend judgment brought pursuant to Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a district court judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e). The basis for a Rule 59 motion is essentially the same as a motion for reconsideration under

Local Rule 7.10.[1]  To succeed on a motion for reconsideration, a movant must demonstrate one of the following three grounds exists: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Williams v. Standard First Ins. Co., 892 F. Supp. 2d 615, 624 (M.D. Pa. 2012) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F. 3d 669, 677 (3d Cir. 1999)).  "A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." Id. (citation omitted).

## III.  DISCUSSION

Defendant argues that the memorandum accompanying the Court's order denying his motion for summary judgment contains a clear error of law; namely, that "the timing of psychological and psychiatric evaluations was never pled in plaintiff's Complaint," and therefore it is not actionable and cannot be considered in ruling on his motion.  (Doc. No. 239 ¶ 2.)  Plaintiff objects, arguing that he pled Defendant "ignored his symptoms" in his complaint, [2] and therefore later elaboration on this claim – from simple and general to technical – "merely reflects the typical evolution of claims made in any civil litigation." (Doc. No. 242 at 3, 7.)  Thus, Plaintiff argues that the disputed factual issue identified by the Court in its order denying summary judgment pertains to a claim adequately stated in the complaint.  (Id. at 8.)

A plaintiff may not amend his complaint through arguments in his brief in opposition to a

---

[1] The main difference between a motion for reconsideration under Local Rule 7.10 and a motion to alter or amend a judgment under Rule 59(e) is that a motion for reconsideration may be filed in response to any order of the court, not solely after entry of judgment.

[2] The Court observes that Plaintiff is a lay man of limited education and intelligence – indeed, the Third Circuit has already remanded this action with explicit instructions to appoint Plaintiff counsel, given his limited mental capacity.  (Doc. No. 160-1 at 12, Doc. No. 160.)

motion for summary judgment.  Anderson v. DSM N.V., 589 F. Supp. 2d 528, 534 n.5 (D.N.J. 2008) (citation omitted).  At the summary judgment stage, the proper procedure for a plaintiff to assert a new claim is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a).  The inquiry is less straightforward, however, when a party urges that his argument does not present a wholly new claim, but instead expands on the allegations of his complaint through the use of expert testimony.  The inquiry is further complicated in this case, because Plaintiff is a man of limited education and mental capacity and filed his complaint pro se.

The Court therefore faces the question of whether its conclusion that a jury question existed on Defendant's failure to address Plaintiff's psychiatric issues in conjunction with his physical ailments fits within Plaintiff's pro se complaint's allegation that "Doctor Symons has repeatedly ignored the plaintiff's complaints concerning burning feeling in his chest, stomach, liver; kidney areas, and back for quite some time," (Doc. No. 1 at 3 ¶ 1); "Plaintiff's symptoms as described in paragraph #1 are worse and occur more frequently," (Id. ¶ 2); and, "The defendant, by ignoring plaintiff's repeated complaints, has completely disregarded the natural consequence of further injury" (Id. ¶ 3).   In his administrative grievance, Plaintiff stated that:

> I have been sending sick-call requests to the medical department here at SCI Rockview to address the burning feelings in my chest, stomach, liver; kidney areas and my back for some time.  I have been called to sick-call, but all they have done is check my blood pressure and provide me with blood pressure medication.  At no time has any of the staff address the other symptoms I have repeatedly complained about.

(Doc. No. 1 at 7.)

The Court finds that its order denying Defendant's motion for summary judgment stands.  Plaintiff does not attempt to raise a new claim by using his expert's conclusion that Defendant's failure to integrate psychiatric and psychological assessments into his medical treatment

4

prevented effective treatment of his severely-elevated hypertension. Plaintiff's complaint alleges that Defendant "repeatedly ignored" his complaints concerning the "burning feelings in his chest, stomach, liver; kidney areas, and back," and that Defendant, "by ignoring plaintiff's repeated complaints," has completely disregarded the "natural consequence of further injury." Plaintiff raises only one claim: that Defendant's conduct constituted an Eighth Amendment denial of medical care, and his failure to treat Plaintiff's symptoms amounted to deliberate indifference.

Although it is true that Plaintiff did not allege in his pro se complaint that Defendant should have ordered psychiatric and psychological assessments in order to effectively treat his physical ailments, the Court finds that Plaintiff, a man of severely-limited mental capacity, could not have been expected to articulate in his pro se complaint that Defendant's alleged failure to "treat his symptoms" could have been caused by Defendant's failure to evaluate Plaintiff's mental health.[1] To find otherwise would require Plaintiff to realize that his own mental capacity could potentially limit Defendant's treatment. The Court finds this argument circular. Moreover, Plaintiff's use of an expert report to substantiate his claims at the summary judgment stage does not amount to injecting a new legal theory or claim into his case. Rather, it provides the specialized medical explanation that Plaintiff himself could not provide at the time of drafting his complaint, given his limited mental capacity.

### IV. CONCLUSION

Defendant has failed to show that the Court erred as matter of law, and thus the Court

---

[1] Plaintiff was adjudged incompetent in a criminal proceeding in this Court in late 2009. United States v. Powell, No. 08-cr-00274 (M.D. Pa. 2010) (Doc. No. 94.)

will deny his motion for reconsideration.  An order consistent with this memorandum follows.